The opinion of the court was delivered by
Tii.ghman, C. J.
On the issue of nul tiel record, the court decides, on inspection of the record. Now, it-appeared, that the *255 recognizance was signed by Alexander Ogle, prothonotary, which must be understood, Alexander Ogle, jun. because there was no other Alexander Ogle, who was prothonotary. It must be presumed that the court is acquainted with the handwriting of its officers, and of those persons who are employed by its officers, to write for them. I observe it is admitted on the record that Alexander Ogle, jun. prothonotary frequently employed his father to write for him, though he had given him no formal deputation. Be that as it may, the Court of Common Pleas had a right to judge, on inspection of the record, and was not bound to hear any parol evidence on the subject. The replication to the plea of mil iiel record is, “that there is stick a record, and the plaintiff prays that this may be inquired of by the record.” The issue is to be decided therefore, on view of the record, and not by parol evidence. I do not say, that the court is barred from all recourse to parol evidence. There is no occasion to give an opinion on that point. In the present case, no doubts were entertained. The court was satisfied on inspection of the record. There was no necessity therefore, for hearing any evidence, and there was no error in rejecting that which was offered.
2. As to the evidence “ that the certiorari was not allowed by any judge of the Court of Common Pleas,” it was properly rejected. Tantlinger had all the benefit of the certiorari. His cause was removed to the Court of Common Pleas, and there decided. Neither he, nor his surety therefore, can be permitted to allege, that the'writ was not allowed. From the very nature of the case, it appears that it was allowed by the tohole court, because the record of the justice was received, ‘and acted upon. The cause was heard and the judgment affirmed.
8. The second issue, (payment with leave, &e.) was tried by a jury, and the defendant very artfully attempted, under pretence of deciding a matter of fact, to draw the validity of the recognizance into question again before the jury, by offering precisely the same evidence which he had offered on the issue of nal tiel record, before the court. This would in effect be taking a double chance, and trying the record first by the court and then by the jury. The evidence was rejected therefore, and certainly with great reason. The same evidence also, of the certiorari not being allowed, was offered before the jury, and refused by the court. In this there was no error. After the proceedings of the Court of Common Pleas, on the record of the justice, the defendant was estopped, from averring that the certiorari was not allowed. I am of opinion therefore that the judgment should be affirmed.
Judgment affirmed.